

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

January 9, 1995

Honorable John T. Montford
Chair
Finance Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. DM-313

Re: Whether a county is required to accept warrantless arrestees from a municipal police department, and related questions (RQ-606)

Dear Senator Montford:

In view of a dispute between the City of Odessa (the "city") and Ector County (the "county") as to who is responsible for incarcerating certain persons arrested by the city police for the violation of state criminal provisions, you have asked this office a series of questions.

You ask first whether, if a city police officer arrests a person for violating a state criminal statute and a magistrate issues a commitment order for the person, the county is required to incarcerate the person. In our view, Attorney General Opinion JM-151 (1984) and article 2.18 of the Code of Criminal Procedure both answer this question in the affirmative.

Article 2.18 of the Code of Criminal Procedure provides that "[w]hen a prisoner is committed to jail by warrant from a magistrate or court, he shall be placed in jail by the sheriff." To permit such a prisoner to remain out of jail "is a violation of duty on the part of [the] sheriff." Accordingly, Attorney General Opinion JM-151 held that a county jail was required to accept state statute violators after a magistrate had committed them to the jail. JM-151, at 2.[1]

Your second question concerns whether a municipal judge may issue such a commitment order, particularly when the offense charged is a class A or B misdemeanor. The warrant of commitment is defined by article 16.20 of the Code of Criminal Procedure, which further stipulates its requisites. According to article 16.20, "A 'commitment' is an order signed by the proper magistrate directing a sheriff to receive and place in jail the person so committed."

---

[1]Attorney General Opinion JM-151 did not overrule, and this opinion should not be construed to overrule, Attorney General Opinion MW-52 (1979), which held that a sheriff has no duty to confine a person in the county jail solely for the violation of a municipal ordinance.

"Magistrate" is defined by article 2.09 of the Code to include, *inter alia*, "the justices of the peace, the mayors and recorders and the judges of the city courts of incorporated cities or towns." Accordingly, a municipal court judge is a magistrate for the purposes of article 16.20.

It has been suggested that municipal court judges, however, are not "proper" magistrates, and therefore lack power to issue enforceable commitment orders, because they cannot try class A and B misdemeanors. The term is not defined in the statute. However, reading article 16.20 in its entirety, we are satisfied that "proper" refers to venue only. One of the requisites of the commitment order is "[w]hen the prisoner is sent out of the county where the prosecution arose, the warrant of commitment shall state that there is no safe jail in the proper county." In our view, reading this requirement together with the reference to a "proper magistrate," a proper magistrate is one who holds office in the proper county. Accordingly, we find no basis for the argument that municipal judges may not issue commitment orders for persons accused of class A or B misdemeanors.

You ask, finally, who is responsible for the cost of incarceration if a municipal court judge issues a commitment order and the sheriff refuses to take custody of the prisoner. We believe that Attorney General Opinion JM-151 and article 2.18 answer this question as well. Once a magistrate has issued a commitment order, the duty to incarcerate the prisoner, along with the necessary cost incident thereto, falls upon the sheriff.

Attorney General Opinion JM-1009 leads to the same conclusion. In that opinion, the question was posed whether a city or a county was responsible for the maintenance of prisoners who had violated city traffic laws that implemented article 6701d, V.T.C.S. This office answered:

> Because persons incarcerated for violating municipal traffic ordinances that implement article 6701d are considered state statute violators, the city is relieved of its obligation to provide for the maintenance of such prisoners once they are accepted for incarceration by the sheriff of the county.

JM-1009 (1989) at 6.

In your hypothetical, the sheriff has not accepted the prisoners. However, the refusal to do so is not an exercise of discretion, but is rather, according to the plain language of article 2.18, a violation of duty. The sheriff cannot avoid the cost of his duty by refusal to undertake it. Accordingly, once the commitment order is issued, the responsibility for maintaining these state law prisoners devolves upon the county.

## S U M M A R Y

If a city police officer arrests a person for violating a state statute and a magistrate issues a commitment order for the prisoner, the county is required to incarcerate the prisoner. A municipal court judge is a proper magistrate to issue such an order if he holds office in the proper county for venue purposes. Should the sheriff refuse to take custody of the prisoner, the county is responsible for the prisoner's maintenance.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James Tourtelott
Assistant Attorney General